UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANTO M. ISLAAM, | : | |
| Plaintiff, | : | Civ. No. 18-160 (RBK) |
| v. | : | |
| DR. STEEL, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Santo M. Islaam, is a federal inmate currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. On April 2, 2019, this Court granted Plaintiff *in forma pauperis* status. (ECF No. 7). Because Plaintiff has been granted that status, this Court is required pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether his complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint will proceed in part.

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening opinion. The amended complaint names three Defendants: Dr. Steel, a dentist who provides dental care to inmates at Fort Dix; Dr. Shakir, a medical doctor at Fort Dix; and K. Cassano, a prison official at Fort Dix whose responsibilities include responding to prisoner administrative complaints. All Defendants are being sued in their individual capacity.

Plaintiff has been in the federal prison system for several years, and during that time has developed numerous medical issues which he contends have gone untreated.  Specifically, Plaintiff contends that he suffers from a ripped muscle and a chipped elbow which cause him considerable discomfort and pain.  According to Plaintiff, he raised these issues to the attention of Dr. Shakir, but was told that nothing could be done to alleviate these issues other than a shot he received which temporarily controlled Plaintiff's pain.  (Document 2 attached to ECF No. 1 at 2; ECF No. 1 at 7).  Contrary to Dr. Shakir's statement that Plaintiff's injuries could not be resolved, Plaintiff contends that he should receive surgery to repair the chipped bone and ripped muscle in his elbow and shoulder.  (Document 2 attached to ECF No. 1 at 2).  Plaintiff has apparently suffered from these injuries for several years, but his current claims arise out of Dr. Shakir's refusal to treat these long-term injuries following Plaintiff's transfer to Fort Dix in late 2016.  (Document 2 attached to ECF No. 1 7-23).

Plaintiff also apparently suffers from dental issues related to his bottom teeth.  (*Id.* at 1). Since his transfer to Fort Dix, Plaintiff has brought these issues to the attention of Dr. Steel on three occasions.  (*Id.*).  On those occasions, Plaintiff requested that Dr. Steel resume work on his bottom teeth and perform "primary work" on his teeth which had been started in prior prisons but had never been completed.  (*Id.*).  Plaintiff was told by the dentist that he would "have to wait till [his] name pops up on "a national priority list before his non-emergency dental work could be completed.  (*Id.*).  While it appears in 2014 Plaintiff believed he needed dentures and had receding gums, it is not clear what dental work he believes needs to be completed from his complaint.  (*Id.* at 1-24).

Following the refusal of Dr. Steel to provide Plaintiff with dental treatment before his turn on the national list arrived, Plaintiff filed a prison informal resolution form in which he

sought to have further dental treatment provided. (*Id.* at 3, 17). On June 7, 2017, Defendant Cassano responded to his complaint. (*Id.* at 17). According to that response, Plaintiff received a dental visit at his prior prison in April 16, 2016, at which point Plaintiff was told that he was on the "National Routine Dental Treatment list and that the list must be followed in chronological order." (*Id.*). Cassano therefore informed Plaintiff that he would receive dental treatment, but only when his turn arrived on that national list as the prison is required to follow that list in providing routine dental work to prisoners. (*Id.*). Based on the above allegations, Plaintiff brings claims in his complaint against all three Defendants for alleged violations of his Eighth Amendment right to receive adequate medical and dental care.

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515

F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### IV.   DISCUSSION

Section 1983 of Title 42 created a remedy for monetary damages for those injured by persons acting under color of state law, but Congress did not create an analogous statute for

federal officials. Indeed, in the 100 years leading up to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens,* s*ee* 403 U.S. at 397, and thereafter extended that cause of action to federal prisoner's raising claims for deliberate indifference to their serious medical needs by prison officials in *Carlson v. Green*, 446 U.S. 14 (1980).  Although the Court has in recently limited the extent to which federal courts may extend *Bivens* to new factual scenarios or contexts beyond those specifically identified in past Supreme Court caselaw, the Court continues to recognize the availability of relief under *Bivens* and *Carlson* for the denial of medical treatment to federal prisoners in violation of the Eighth Amendment.  *Ziglar*, 137 S. Ct. at 1855.

In *Carlson*, the Supreme Court upheld a determination by the Court of Appeals that a prisoner could establish a basis for liability under *Bivens* for violations of his Eighth Amendment rights where he could establish that he had been denied medical care pursuant to the standard set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976).  446 U.S. at 17-24.  Under *Estelle*, a prisoner's Eighth Amendment rights are violated where prison officials' actions show "deliberate indifference to [the] serious medical needs of prisoners."  429 U.S. at 104.  To make out such a claim, a prisoner must show both that he had a sufficiently serious medical need, *see, e.g., King v. Cnty. of Gloucester*, 302 F. App'x 92, 97 (3d Cir. 2008), and acts or omissions by the prison official defendants which indicate the defendants acted with deliberate indifference to that need – i.e. that the defendants' actions indicated acted with at least a reckless disregard for a substantial risk of harm arising out of the plaintiff's serious medical need.  *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013).

5

In his complaint, Plaintiff alleges facts which would indicate that he did suffer from two serious medical needs – a torn muscle and a chipped elbow – and that Dr. Shakir refused to provide him with treatment for those injuries.  As these allegations, if proven, could provide a basis for relief, this Court will permit Plaintiff's claim against Dr. Shakir to proceed at this time. Plaintiff's complaint, however, fails to establish a serious medical need in his dental related claims.  Unlike his medical claim, Plaintiff's dental claim provides no more than vague allegations that he requires further dental treatment – treatment which has been classified as "routine" by Defendants and "initial" by Plaintiff.  As it is unclear what dental work Plaintiff believes is necessary and what "serious medical need" that work would address, Plaintiff has failed to plead a plausible claim for relief for Defendants failure to treat his dental claims, and Plaintiff's claims against Defendants Steel and Cassano shall therefore be dismissed without prejudice at this time.

## V.   CONCLUSION

For the foregoing reasons, plaintiff's Eighth Amendment claim against Dr. Shakir shall proceed past screening, and Plaintiff's claims against Defendants Steel and Cassano are dismissed without prejudice. An appropriate order will be entered.

DATED:  November 24, 2020                              s/Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge